### MARGARET PURCELL and others

### *v.*

### PATRICK ENRIGHT and others.

Parties who, with notice of the client's possession through his tenants, purchase premises from an attorney who had cancelled a mortgage thereon left in his custody by his client and procured a conveyance of the premises to himself, are bound by the client's equities.

---

Bill to set aside a cancellation of, and to foreclose a mortgage.

*Mr. H. S. White* and *Mr. John A. Blair*, for complainants.

*Mr. E. S. Cowles*, for defendant Van Horn.

THE CHANCELLOR.

On the 27th of July, 1874, Jeremiah Purcell, being the owner of a lot of land and premises in Bayonne, in Hudson

Purcell *v.* Enright.

county, conveyed it to his brother-in-law, Patrick Enright, by deed of that date, for the consideration, as expressed in the deed, of $2,500. A mortgage for $1,000 on the premises was computed and allowed as so much of the purchase-money, and, for the rest, the grantee gave to Margaret Purcell, wife of the grantor, a mortgage on the property for $1,500, payable in four years, with interest. The deed and bond and mortgage were drawn by the defendant Abraham Van Horn, a counsellor at law, and the papers were delivered in his office. The bond and mortgage were left by the mortgagee with him, as the mortgagee's attorney, to be kept for her. Subsequently, on the 1st of April, 1875, Mr. Van Horn, as attorney for the mortgagee, receipted the bond and mortgage, and wrote upon the latter a direction to the register of the county of Hudson to cancel it of record. It was cancelled, accordingly, on the 9th of that month. On the next day, Mr. Van Horn took a conveyance of the property from the mortgagor, Patrick Enright, to himself. The deed expressed the consideration of $1,000. In consideration of the delivery of the deed, he gave up to the grantor $900 of $1,000 held by him as his attorney, and which were applicable, according to the agreement between Jeremiah Purcell and Enright (made on the delivery of the deed for the property from the former to the latter), to the payment of the $1,000 mortgage. Mr. Van Horn, at the time of the delivery of the deed from Enright to him, was the owner of that mortgage. The remainder of the $1,000 was retained by him, with Enright's consent, for premium which he would, as he said, be required to pay to the assignee of this $1,000 mortgage on sale thereof.

It appears that Enright was desirous of being rid of the property and obtaining a discharge from his bond and mortgage of $1,500, and was willing, also, to pay a premium of $100 to a purchaser of the $1,000 mortgage, which Mr. Van Horn appears to have taken because of some honorary obligation under which he was to the holder thereof. Mr. Van Horn held the title to the property until the 14th of

February, 1877, when he sold and conveyed it to Patrick
Purcell and Ellen (his wife), for the consideration of
$1,340. This consideration was made up of the amount
of the principal and interest of the mortgage of $1,000,
taxes and water rents paid by Mr. Van Horn upon the
property, interest paid by him upon the mortgage of $1,000,
and the cost of drawing and recording the deed.

The complainants allege that, though it was agreed
between them and Enright that Margaret Purcell would
accept a reconveyance of the property to her from him in
discharge of his liability on the bond and mortgage of
$1,500, and she gave directions to Mr. Van Horn to draw
and obtain the execution of a deed from Enright to her
accordingly, she did not instruct him to take a conveyance
to himself, nor did she know that he had done so until after
she was informed that he had conveyed the property to
Patrick Purcell. They further allege that Mr. Van Horn
had no authority or right to take the deed for the property
to himself, or to cancel the $1,500 mortgage of record.

The bill seeks, as before stated, to establish the mortgage
and to foreclose it, and it prays, also, a decree for deficiency
against Patrick Purcell and his wife and Mr. Van Horn.

The evidence as to the circumstances under which Mr.
Van Horn obtained the title to the property is very conflict-
ing, but the weight of it is in favor of the complainants.
The consideration, also, that the relation of attorney and
client existed between the complainants and Mr. Van
Horn, puts the latter at an especial disadvantage. The
complainants allege that he took the title to the property
without their knowledge and against their will; that Mar-
garet Purcell agreed with Enright to accept a conveyance
of the property to her in discharge of his liability on the
$1,500 mortgage, and that she accordingly employed Mr.
Van Horn to draw the deed, and paid him for the service.
Enright says that he did not know that the deed was so
drawn as to convey the property to Mr. Van Horn. Though
Mr. Van Horn says, in his answer, that the consideration

Purcell *v.* Enright.

·of the conveyance was the amount of the $1,000 mortgage and his demand of $175 for services rendered to the complainants, the deed expresses a consideration of only $1,000, and there is no evidence in support of the demand. Though Mr. Van Horn, in his answer, says, also, that the complainants proposed that he should take the property, they deny it, and, in his testimony, he says that he himself proposed it, threatening foreclosure in case of refusal, in view of their inability to pay the interest on the $1,000 mortgage, of which he was then the owner. He says that he bought that mortgage at their request. They, on the other hand, deny it, and the denial is supported by his subsequent testimony that he bought the mortgage of his own accord, and with a view to securing a debt which the person who was the real owner of it owed him. The evidence on the subject of the cancellation of the $1,500 mortgage is very conflicting. The complainants say they never, in any way, authorized it, while Mr. Van Horn says that they did; that he wrote the endorsement on the mortgage authorizing cancellation, in the presence of Margaret Purcell, and she consented to it, and that he signed it as her attorney, because she could not write. He says this was after he obtained possession of the property, but he is probably mistaken as to the time, for the endorsement appears, by its date, to have been made on the 1st of April, 1875, and the mortgage was cancelled on the 6th of that month, while the deed to him was not given until the 10th, so that the cancellation was previous to the time when he obtained the title. It would, obviously, have been prudent in him, if she was willing to cancel the mortgage, to have obtained her signature to the endorse-·ment, and to have had her signature witnessed. There is no evidence in support of his testimony, and, on the other hand, it is flatly contradicted by the complainants. It is needless to pursue the testimony further, or to multiply the illustrations of its contrariety.

The transaction, as between Mr. Van Horn and Margaret .Purcell, must be dealt with according to the principles of

equity which govern such dealings when the complainant is the client and the defendant the attorney. "On the one hand," says Justice Story, "it is not necessary to establish that there has been fraud or imposition upon the client; and, on the other hand, it (the bargain) is not necessarily void throughout, *ipso facto.* But the burden of establishing its perfect fairness, adequacy and equity is thrown upon the attorney, upon the general rule that he who bargains in a matter of advantage with a person placing a confidence in him, is bound to show that a reasonable use has been made of that confidence—a rule applying equally to all persons standing in confidential relations with each other. If no · such proof is established, courts of equity treat the case as one of constructive fraud." *Story's Eq. Juris.* § *311.*

The relief sought by the special prayer of the bill cannot be granted. Patrick and Ellen Purcell are purchasers for value paid without notice as to the $1,500 mortgage. That mortgage must, indeed, be held to have been cancelled without authority from the mortgagee, but the cancellation was effected through an acknowledgment of full payment and an authorization signed by her attorney, who had, as such, possession of the mortgage. *Putnam* v. *Clark, 2 Stew. 412.* It had been cancelled of record nearly two years when the deed from Mr. Van Horn was given. Though cancelled through fraud, the cancellation will not be set aside as against a *bona fide* owner of the property for value paid without notice. *Putnam* v. *Clark, ubi supra; Fassett* v. *Smith, 23 N. Y. 252; Scholefield* v. *Templer, 4 DeG. & J. 429.* But the deed to Mr. Van Horn must be held to be fraudulent, and the title which Patrick and Ellen Purcell obtained under it must be held to be subject to the trust which equity will impress upon it in favor of Margaret Purcell. As to that they had notice. They knew that the complainants claimed to own the property, and that it was occupied by the tenants of the latter. George W. Hopkinson, the agent who rented the property, testifies that he paid the rent, up to January, 1877, to Margaret Purcell, and, after

that, to Patrick Purcell. The deed from Mr. Van Horn to the latter and his wife, Ellen, is dated February 14th, 1877. Mr. Hopkinson says: "I saw Margaret Purcell, and it was understood all around; it was done (the paying of the rent, after January 1st, to Patrick) by general consent. I knew the place had been sold." Ellen Purcell, who appears to have acted for herself and her husband in the purchase, says that she thought the property belonged to Jeremiah Purcell up to the day when she paid Mr. Van Horn for it, and that she did not know, until she paid the money for it to Mr. Van Horn, that the latter claimed to own it. She says he told her he had owned it for two years, but did not say how he came to be the owner of it, nor that he had paid for it. Patrick Purcell says that when they bought the property they thought it belonged to Margaret Purcell, but after that (and not until after he had bought the property) Mr. Van Horn told him that the property belonged to him.

The relation of the parties must not be forgotten. Patrick Purcell is the brother of Jeremiah, and Ellen is the sister of Margaret. The possession of Margaret's tenants was notice to the purchasers of Margaret's rights. *Baldwin v. Johnson, Sax. 441.* What are her rights? The $1,500 mortgage would have been merged in the conveyance by Enright to her if her directions had been carried out. She had a right to a conveyance of the land from Mr. Van Horn. He held it in trust for her, on a trust arising in equity, *e maleficio.* Of this trust the purchasers had notice, and the land is bound by it in their hands. Mr. Van Horn is bound to answer to Margaret Purcell for the full value of the property, and so are they. Patrick Purcell says the property is worth $1,500 or $1,600. His wife says it is worth between $1,600 and $1,800. It appears to have rented, when it was sold, for $13 a month. This would be evidence that its value was about $1,600. It was sold, for cash, for $1,338.

It is in evidence that Margaret Purcell was anxious to sell the property at the time when it was sold. I am of

opinion that equity requires that the land be charged, in the hands of Patrick and Ellen Purcell, with the sum of $393.18 (the difference between $1,206.82 and $1,600) with interest from February 14th, 1877, in default of the payment thereof by Mr. Van Horn, who should be decreed to pay to Margaret Purcell that amount as the difference between the money due to him when the sale was made and $1,600. There were due to him, on the 14th of February, 1877, for principal and interest on the $1,000 mortgage, $1,090.17; for taxes on the property paid by him for 1875 and 1876, $96.22, and for water rents for 1876, $20.43—in all, $1,206.82. The taxes and the water rents were paid, part on, and the rest the next day after, the date of the deed to Patrick and Ellen Purcell. The claim for tax paid for 1874 is not allowed, because Margaret Purcell swears that she gave to Mr. Van Horn the money for the taxes up to 1875, and she has the tax bill for that year in her possession. Nor is the alleged payment of $35 interest on the $1,000 mortgage, by Mr. Van Horn, before November, 1875, allowed. Margaret Purcell swears that she paid Mr. Vreeland the first interest which fell due on that mortgage after Enright gave up the property. That must have been the interest due November, 1875. The $100, money paid by Enright to Mr. Van Horn for premium to be paid on the negotiation of the $1,000 mortgage, is due to Enright, for that premium appears not to have been paid. Mr. Van Horn agreed to get that money back from the complainants, for Enright, in four months. He did not do so, and he has not repaid it. Nor did he use it for the purpose for which it was given to him.

There will be a decree that, primarily, Mr. Van Horn, and, secondarily, Patrick and Ellen Purcell, pay to Margaret Purcell the sum of $393.18 with interest from the 17th of February, 1877, together with the costs of this suit, and that that sum, with interest and costs, be charged accordingly on the property in question, which will, if necessary, be sold by execution to pay the money so charged thereon. As to Enright, the bill will be dismissed. He has not appeared.